UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMRE SIMSEK,

          Petitioner,

    v.

WARDEN GOLDEN STATE ANNEX, et al.,

          Respondents.

No.  1:26-cv-01356-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that the Department of Homeland Security ("DHS") released petitioner in February 2023 upon either an explicit or implicit finding that he was not dangerous or a flight risk.  DHS redetained petitioner on September 12, 2025 when he voluntarily appeared at an ICE office.  There is no evidence in the record that petitioner has been convicted of any crimes, that he failed to comply with any conditions of release, or that he is subject to a final order of removal.  Petitioner has a pending asylum application.  His final

merits hearing in immigration court is scheduled for March 12, 2026.[1]  Considering all of these factors, and consistent with the court's reasoning in <u>Perez v. Albarran</u>, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), the court finds that petitioner's redetention without a pre-deprivation hearing violated his Fifth Amendment right to procedural due process.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted.

2. Respondents be ordered to release petitioner immediately pursuant to the same conditions he was subject to prior to his detention on September 12, 2025, and to not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. At the time of release, respondents be required to return all of petitioner's documents and possessions.

4. If the government seeks to redetain petitioner, it must provide no less than 7 days of notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight.

5. Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

6. The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period

---

[1]  The undersigned takes judicial notice of petitioner's Executive Office for Immigration Review case information.  <u>See</u> Fed. R. Evid. 201(b)-(c) (a court "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3